# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4545 | **DATE** | 9/12/2000 |
| **CASE TITLE** | Thomas Moriarty vs. Tower Home For Funerals, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Answer paragraphs 7, 11, 21, 22 and 23 and ADS 1 - 3 are stricken. Leave is granted to file an appropriate amendment to the Answer (or better still, a self-contained Amended Answer and Ads to avoid the reader's having to refer to patchwork pleading) in this Court's chambers on or before September 22, 2000. In the absence of an appropriate and timely filing, the corresponding paragraphs of the Complaint will be deemed admitted and Ads 2 and 3 will be deemed to have been waived.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 13 2000 | |
| | Notified counsel by telephone. | | date docketed | 7 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 9/12/2000 | |
| | | 00 SEP 12 PM 1: 48 | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

THOMAS J. MORIARTY, Trustee,    )
etc.,                           )
                                )
              Plaintiff,        )
                                )
     v.                         )      No.  00 C 4545
                                )
TOWER HOME FOR FUNERALS, INC.,  )
                                )
              Defendant.        )

                    MEMORANDUM OPINION AND ORDER

     Tower Home For Funerals, Inc. ("Tower") has filed its Answer and Affirmative Defendants ("ADs") to the ERISA Complaint brought against it by Thomas Moriarty ("Moriarty") as Trustee on behalf of various employee benefit funds. This sua sponte opinion is triggered by some patent deficiencies in Tower's responsive pleading that need correction.

     First, this Court never ceases to be bemused by the impermissible lawyers' variants on the disclaimer required by the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as the precondition for a deemed denial of a plaintiff's allegations--especially when those variants are employed by lawyers who are obviously aware of that sentence in Rule 8(b) but who simply fail to read its unambiguous directive. In this instance Answer ¶¶7, 11, 21, 22 and 23 all say that "Tower is without sufficient information or belief as to the truth or veracity" of the corresponding allegations, even though Rule 8(b) calls for a disclaimer of "sufficient information <u>to form</u> a belief" (a quite

different concept if one bothers to think about it). Is it somehow too difficult to echo the plain formulation prescribed by the drafters of the Rule?

That alone is enough to require the recasting of those paragraphs of the Answer. But beyond that (or perhaps relatedly), this Court strongly doubts that Tower can, in the objective good faith that is demanded by Rule 11, state a proper Rule 8(b) disclaimer as to Complaint ¶7's allegation. That also appears to be the case as to Complaint ¶11. Accordingly Tower's amended pleading required hereafter should include those two disclaimers only if they can be advanced in compliance with Rule 11.

As for Tower's ADs, three out of four are also problematic. Because Tower's counsel must return to the drawing board anyway, those problems or potential problems are identified here:

AD 1 - This putative AD is the equivalent of a Rule 12(b)(6) motion, thus requiring all of Moriarty's well-pleaded allegations to be accepted as true and--that being done--to be tested by the undemanding standard of <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). AD 1 fails that test and is therefore stricken.

AD 2 - Although the statute of limitations is an appropriate AD under Rule 8(c), Tower's mere recital of a possible dismissal of claims "in whole or in part because

they are barred by the applicable statute of limitations" is not sufficiently informative to Moriarty's counsel or to this Court, even under the comparatively undemanding notice pleading requirements that govern here.

AD 3 - This advances a claimed laches defense, again without giving any further information at all. What has just been said as to limitations applies here with equal force.

Accordingly Answer ¶¶7, 11, 21, 22 and 23 and ADS 1 through 3 are stricken. Leave is of course granted to file an appropriate amendment to the Answer (or better still, a self-contained Amended Answer and ADs to avoid the reader's having to refer to patchwork pleading) in this Court's chambers on or before September 22, 2000. In the absence of an appropriate and timely filing, the corresponding paragraphs of the Complaint will be deemed admitted and ADs 2 and 3 will be deemed to have been waived (as already indicated, AD 1 may not be reasserted in any event).[1]

                           /s/ Milton I. Shadur
                           Milton I. Shadur
                           Senior United States District Judge

Date: September 12, 2000

---

[1] No charge is to be made to Tower for the added work and expense incurred in correcting its counsel's errors. Tower's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).